UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

CONSOLIDATED GRAIN AND BARGE CO.,

              Plaintiff,

     vs.

PORTS OF INDIANA aka INDIANA PORT
COMMISSION,

              Defendant.

NO. 3:21-CV-00129-RLY-MPB

## NOTICE OF APPEAL

     Notice is hereby given that Plaintiff Consolidated Grain and Barge Co., hereby appeals to the

United States Court of Appeals for the Seventh Circuit the final Judgment (ECF No. 109) and Entry

Granting Defendant's Motion to Dismiss (ECF No. 108) entered on August 31, 2022.

Dated: September 22, 2022

Respectfully submitted,

Consolidated Grain and Barge Co.

*/s/ Kal K. Shah*
Kal K. Shah (*pro hac vice*)
Matthew J. Langley (*pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone:  312.212.4979
kshah@beneschlaw.com
mlangley@beneschlaw.com

*Attorneys for Plaintiff Consolidated Grain and
Barge Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2022, the foregoing document was electronically filed using the court's CM/ECF system (CM/ECF) and that a copy was served upon the following via CM/ECF:

Andrielle Marie Metzel, ametzel@taftlaw.com
Ann O. McCready, amccready@taftlaw.com
Peter S. French, pfrench@taftlaw.com
Scott R. Alexander, salexander@taftlaw.com
Vivek Randle Hadley, vhadley@taftlaw.com
*Counsel for Defendant*

*/s/ Kal K. Shah*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CONSOLIDATED GRAIN AND BARGE CO., | |
| Plaintiff, | APPEALS CASE NO. _____ |
| vs. | TRIAL COURT CASE NO.: |
| | 3:21-CV-00129-RLY-MPB |
| PORTS OF INDIANA a/k/a INDIANA PORT COMMISSION, | TRIAL COURT JUDGE: |
| Defendant. | RICHARD L. YOUNG |

## PLAINTIFF'S DOCKETING STATEMENT

Plaintiff Consolidated Grain and Barge Co. submits its Seventh Circuit docketing statement with their Notice of Appeal in accordance with 7th Cir. R. 3(c)(1), 28(a) and states as follows:

1.      There are no prior or related appellate proceedings in this case.

2.      The district court had jurisdiction as a civil action pursuant to 28 U.S.C. §1332.

3.      Plaintiff seeks review of the orders entered on August 31, 2022, granting Defendant's motion to dismiss (ECF No. 109) and Entry Granting Defendant's Motion to Dismiss (ECF No. 108) entered by the Honorable Judge Richard L. Young.

4.      The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. §1291.

5.      Plaintiff's counsel of record in this matter is Kal K. Shah. Additional counsel for Plaintiff will be Michael Meuti and Matthew J. Langley.

6.      Plaintiffs filed their Notice of Appeal on September 22, 2022.

Dated: September 22, 2022

Respectfully submitted,

Consolidated Grain and Barge Co.

/s/ *Kal K. Shah*

Kal K. Shah (*pro hac vice*)
Matthew J. Langley (*pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone:  312.212.4979
kshah@beneschlaw.com
mlangley@beneschlaw.com

*Attorneys for Plaintiff Consolidated Grain and*
*Barge Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2022, the foregoing document was electronically filed using the court's CM/ECF system (CM/ECF) and that a copy was served upon the following via CM/ECF:

Andrielle Marie Metzel, ametzel@taftlaw.com
Ann O. McCready, amccready@taftlaw.com
Peter S. French, pfrench@taftlaw.com
Scott R. Alexander, salexander@taftlaw.com
Vivek Randle Hadley, vhadley@taftlaw.com
*Counsel for Defendant*


*/s/ Kal K. Shah*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CONSOLIDATED GRAIN AND BARGE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-cv-00129-RLY-MPB |
| PORTS OF INDIANA a/k/a INDIANA PORT COMMISSION, | ) ) ) | |
| Defendant. | ) | |

## ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS

This dispute over access to railroad tracks involves five contracts and has seen three complaints and as many motions to dismiss. The third motion to dismiss is now fully briefed and ripe for decision. Having given ample consideration to the contracts on which Plaintiff's claims are based, the court dismisses the case.

## I.    Factual Background

On the banks of the Ohio River lies a 742-acre industrial complex, Southwind Maritime Centre ("Southwind" or "the Port"). (Filing No. 98, Second Am. Compl. ¶ 8). The Port is operated by and subject to the jurisdiction of Defendant, Ports of Indiana a/k/a Indiana Port Commission (the "Commission"). (*Id.* ¶¶ 10–11). Plaintiff, Consolidated Grain and Barge Company, a provider of grain and grain products, is one of several tenants at the Port. (*Id.* ¶¶ 7–8, 17). Consolidated's tenancy, as well as disputes arising out of its operations, spawned a series of contracts with the Commission stretching over more than two decades. Several of those contracts, detailed below, have given rise to the

1

present dispute over the "New Storage Tracks," which are tracks designed for the storage of rail cars, as well as other tracks used for the ingress and egress of railcars.

## A. The Agreements

This saga begins in 1996, when Consolidated entered into a lease with the Commission in anticipation of the construction of a new soybean processing facility (the "Plant") at Southwind.  (*Id.* ¶ 12).  Consolidated decided to build the Plant at Southwind largely due to the easy access to railroad tracks immediately surrounding the Plant.  (*Id.* ¶ 13).  If Consolidated were not able to use the railroad tracks, it would not have considered Southwind a suitable location to establish its soybean operations.  (*Id.*).

A dispute over access to storage tracks soon arose, which eventually resulted in a settlement agreement between the parties.  (*Id.*).  This settlement agreement, executed in 2001 ("Settlement Agreement"), is the first of the five contracts relevant to the present dispute.  (Filing No. 98-1, Settlement Agreement).  The Settlement Agreement expressed the parties' desire to immediately settle and forever set at rest the dispute over "the use of the Port's railroad facilities, including the Existing Storage Tracks" and a segment of the main rail line referred to as the "Southern Loop."  (Settlement Agreement at 1).  Pursuant to the agreement, Consolidated was to build "New Storage Tracks . . . at Consolidated's sole cost and expense."  (*Id.* at 2).

Consolidated primarily relies on Paragraph 5 of the Settlement Agreement, which provides in its entirety:

> Consolidated's Lease of New Storage Tracks. The land needed for the New Storage Tracks shall be leased by the Commission to Consolidated for construction of the New Storage Tracks and, when completed,

2

Consolidated's use of the New Storage Tracks shall be at a cost of one dollar ($1.00) per year for the duration of Consolidated's tenancy at the Port under the Lease Agreement. The Commission's lease of the New Storage Tracks ("Storage Track Lease") shall require Consolidated to allow tenants and other authorized rail users to use the New Storage Tracks as a public storage yard. Such use shall be without charge to the Port tenants and other authorized rail users of the Port railroad tracks, provided, however, that Consolidated may charge such tenants and other authorized rail users for track use, replacement, and maintenance costs of the storage yards and rail facilities pursuant to the Agreement for Track Use for Trackage and Related Appurtenances at Southwind Maritime Centre, Mt. Vernon, Indiana ("Track Use Agreement"), attached hereto and incorporated herein as Exhibit E. If the Commission contracts with a provider for rail services in place of Consolidated's rail services, Consolidated's use of and access to the New Storage Tracks shall continue without interruption in accordance with this Agreement and the Track Use Agreement and Consolidated shall, if the Commission requests, sublease the New Storage Tracks to such provider for One Dollar ($1) per year, and no costs or charges for use of the Port's railroad tracks will be assessed to Consolidated except to the extent that Consolidated contracts for the services of the provider. In the event Consolidated does not enter into a Service Agreement with such other rail services provider, Consolidated agrees to pay its pro-rata assessment for the repair, replacement and maintenance costs of the Sidetrack. Access shall be made available to all such Port tenants and authorized rail users at any time, unless the New Storage Tracks are full when access is needed. During the time when Consolidated is the provider for rail services for the Port's tenants and other authorized rail users under the Track Use Agreement, Consolidated agrees that failure to provide reasonable access to the New Storage Tracks when capacity is available shall constitute a breach of the Storage Track Lease and shall cause forfeiture of Consolidated's use of the New Storage Tracks.

(*Id.* at 3).

In addition, in Paragraph 9, the Settlement Agreement states:

[T]he Commission may seek a railroad to operate at the Port and will notify Consolidated that it is seeking such a railroad and give Consolidated the opportunity to make a proposal for the rail operations at the Port, with the selection of a railroad subject to the discretion of the Commission. The Commission shall have the right to seek other interested third parties to be the railroad to handle rail switching and the Track Use Agreement shall have a thirty (30) day termination clause if a railroad is selected by the Commission.

(*Id.* at 5).

The next two contracts relevant to this dispute are the track use agreements.  The first track use agreement was executed in 2001 contemporaneously with the Settlement Agreement.  (Second Am. Compl. ¶¶ 18–21; Filing No. 98-2, 2001 Track Use Agreement).  The 2001 Track Use Agreement was renewed by a separate document in 2006.  (Second Am. Compl. ¶ 25; Filing No. 98-4, 2006 Track Use Agreement).

The 2006 Track Use Agreement obligates Consolidated to provide certain rail services, including rail switching services, for all Port tenants and other rail users of the "Sidetrack."[1]  (2006 Track Use Agreement at 1).   The agreement incorporates the Settlement Agreement and provides that ownership of the Sidetrack shall remain vested in the Commission.  (*Id.* at 1–2).  It also provides that Consolidated shall have the right to operate over the Sidetrack and use it for the movement of rail cars, but Consolidated's use shall not interfere with the Commission's right to use the Sidetrack.  (*Id.*).  Finally, the 2006 Track Use Agreement states the Commission, in its "sole discretion," may seek a railroad to operate at the Port.  (*Id.* at 6).  The Commission may also seek a third-party operator to handle rail switching operations.  (*Id.*).  In either case, the Commission must give Consolidated 30 days written notice and provide an opportunity for Consolidated to make a proposal.  (*Id.*).

---

[1] The "Sidetrack" consists of "all rail facilities (excluding industry owned side tracks) south and west of the rail switch to the Mount Vernon Transfer Terminal."  (2006 Track Use Agreement at 1).

The 2006 Track Use Agreement by its terms was due to expire on June 30, 2021, before this suit was filed.  (*See id.* at 1).  However, the parties agreed to temporarily extend the agreement through August 31, 2021.[2]  Consolidated alleges that the Commission stated it intended to switch to a third-party operator as of September 1, 2021, (Second Am. Compl. ¶ 26), but Consolidated does not claim the Commission violated the 2006 Track Use Agreement.  During the course of the litigation, the agreement expired.

The fourth relevant contract is Consolidated's current lease, which was signed in 2006 and expires in 2028.  (Filing No. 98-3, Lease at 4).  The Lease provides Consolidated "the non-exclusive right of ingress and egress . . . over existing roads and railroad tracks within the Port, as such access may be changed from time to time by the Commission."  (*Id.* at 3).  Consolidated agreed in the lease to pay all charges specified in the Port Tariff, including charges for Consolidated's use of "railroad tracks and similar transportation facilities."  (*Id.* at 7–8).

The final relevant agreement is the "Agreement to Construct New Storage Tracks," signed in 2008 ("2008 Agreement").  (Filing No. 100-1, 2008 Agreement).  Consolidated did not attach the 2008 Agreement, which indicates that by 2005, Consolidated and the Commission "mutually agreed and acknowledged that construction of the 2001 New Storage Tracks design would be imprudent due to anticipated major construction projects and the resulting rapid growth at the Port."  (*Id.* at 1).  When the

---

[2] The agreement was extended before suit was filed and again at the request of the court.

anticipated growth in fact materialized, the parties sought to modify the Settlement

Agreement.  (*See id.* at 1–3).

While Consolidated had originally agreed to build the New Storage Tracks at its

sole cost and expense, (Settlement Agreement at 2), the 2008 Agreement expressed the

desire to "agree upon the terms whereby the [Commission] will contribute funds for the

work."  (*Id.* at 2).  The new terms provide that the Commission would pay up to

$374,867.83, and Consolidated would pay the amount it originally agreed to pay:

$937,800.00.  (2008 Agreement at 1–3).

Immediately after setting out the amount of funds the Commission would now

contribute to construct the New Storage Tracks, the agreement provides:

> Title and ownership of the New Storage Tracks is, and shall remain vested
> in the [Commission], and notwithstanding paragraph 5 of the Settlement
> [Agreement] there shall be no lease of the New Storage Tracks between the
> [Commission] and [Consolidated].  Provided, however, the New Storage
> Tracks shall be included within and subject to the Track Use Agreement and
> Service Agreement set out in paragraph 7 of the Settlement, as thereafter
> amended by the Parties.

(2008 Agreement at 3).  Paragraph 7 of the Settlement Agreement simply provides that

the parties shall contemporaneously execute the 2001 Track Use Agreement, (Settlement

Agreement at 4), which was thereafter amended by the 2006 Track Use Agreement, (*see*

2006 Track Use Agreement at 1–2).

## B.    Transition to a Third-Party Rail Switching Operator

Consolidated claims the Commission breached the Settlement Agreement and the

Lease when it announced that it engaged a third-party to replace Consolidated as the rail

switching operator at the Port, beginning September 1, 2021.[3]  (*See* Second Am. Compl. ¶¶ 26, 54).  The tariff sheet for the new rail service provider "fails to define service level commitments necessary for Plant operations" and "confirms the imposition of limited service inadequate for Consolidated's operations and at significant additional cost."  (*Id.* ¶ 27).  These changes will "disrupt and deny Consolidated's access to the Southwind Tracks."  (*Id.*).

To prevent its access to the tracks from being interfered with, Consolidated filed suit.  Consolidated alleges that the Commission's announcement of its intention to engage a new third-party rail switching operator amounted to an anticipatory repudiation of the Settlement Agreement and the Lease.  (*Id.* ¶¶ 39–43).  In addition to its breach of contract claim, Consolidated seeks a declaration of its rights under the Settlement Agreement and the Lease, (*id.* ¶¶ 44–46), and it asserts a promissory estoppel claim based on "various promises in connection with Consolidated's use of the Southwind Tracks," (*id.* ¶¶ 47–53).

## II.   Legal Standard

A plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550

---

[3] The Commission asks the court to consider the letter that Consolidated apparently believes amounts to an anticipatory repudiation of the Settlement Agreement and the Lease.  The Commission says the letter shows that it never announced it would deny Consolidated access to the tracks; rather, the Commission merely announced its intention to switch to a third-party rail-switching operator.  It is unnecessary to consider the letter because Consolidated's allegations show it has "use of the tracks through a third-party rail services provider."  (Second Am. Compl. ¶ 54).  Thus, the alleged breach must be the Commission's decision to select a new operator. (*See id.* ¶ 26).

U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)) (cleaned up).  A court may grant a motion to dismiss under Rule 12(b)(6) if the complaint lacks "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  At this stage, the court must assume all non-conclusory factual allegations in the complaint are true, even if they seem unlikely.  *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015).

## III.  Discussion

The Commission moves to dismiss Consolidated's contract claims and derivative declaratory judgment and promissory estoppel claims chiefly on the grounds that the applicable agreements do not provide Consolidated the right to access the tracks independently of a third-party rail service provider.  The court agrees that the Lease contains no such rights.  And even if Paragraph 5 of the Settlement Agreement provided a right to independently access the New Storage Tracks, the 2008 Agreement revokes that portion of the Settlement Agreement.  The court first explains why it considers the 2008 Agreement on this Rule 12(b)(6) motion even though the agreement was not attached to Consolidated's Second Amended Complaint or explicitly referred to therein.

### A.    The 2008 Agreement May Be Considered on a Motion to Dismiss.

As a general rule, a court considering a motion to dismiss under Rule 12(b)(6) must consider only the pleadings.  *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).  If a court considers evidence attached to a defendant's motion to dismiss, the court must either exclude the evidence or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

8

The Seventh Circuit recognizes a narrow exception to this rule: "A district court may consider documents attached to a motion to dismiss if the documents are referenced in the plaintiffs' complaint and are central to the claim." *Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, No. 21-1872, 2022 WL 3355075, at *2 (7th Cir. Aug. 15, 2022). "While narrow, this exception is aimed at cases interpreting, for example, a contract." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (internal quotation marks and citation omitted). "The purpose of the exception is to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *Id.*

Although the Seventh Circuit's formulation does seem to require that the document be "referenced in" the plaintiff's complaint, the purpose of the exception is not served by a strict requirement that the complaint directly refer to the document. If a subsequent agreement negates the plaintiff's claim, the plaintiff should not be able to survive a motion to dismiss by ignoring the existence of the subsequent agreement and attaching only a prior agreement.

Indeed, Seventh Circuit caselaw suggests that, at least in an appropriate contract case, it is not a strict requirement that a defendant's attachment be directly referenced in the plaintiff's complaint. Take *Rosenblum*. 299 F.3d at 661–662. There, the parties entered into an "Acquisition Agreement" and an "Employment Agreement" on the same day. *Id.* at 659–660. The plaintiff alleged the defendant breached the Acquisition Agreement and attached that agreement to the complaint. *Id.* at 660. When the defendant attached the Employment Agreement to a motion to dismiss, the plaintiff argued the

9

Employment Agreement could not be considered on a Rule 12(b)(6) motion, because that agreement was neither referenced in nor attached to his complaint. *Id.* at 661. The court disagreed:

> Although [the plaintiff] did not refer explicitly to the Employment Agreement in his complaint, that agreement nevertheless falls within the exception [for documents attached to a motion to dismiss]. From [the defendant's] point of view, the contract under review is the combination of the Acquisition Agreement and the Employment Agreement. In moving to dismiss on the ground that the contract, read in this matter, requires that the parties resort to arbitration, [the defendant] is entitled to take the position that [the plaintiff] has appended only a part of the relevant instrument and to append what it contends is the remainder. It would have been impossible for the district court or for this court to evaluate the disagreement between the parties without having all of the documentation. It is impossible to render the necessary adjudication without reference to the Employment Agreement.

*Id.* at 661–62.

So too here. Under Indiana law, contracts that relate to the same transaction or subject matter are construed together—even if executed at different times—if nothing indicates a contrary intention. *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 753 (Ind. 2018). The Settlement Agreement and the 2008 Agreement both relate to the construction of the New Storage Tracks, and nothing indicates that the parties intended the contracts to be construed separately. (2008 Agreement at 1–3 (directly referencing the Settlement Agreement and modifying certain aspects of the agreement to construct New Storage Tracks)). In contending that the portion of the Settlement Agreement on which Consolidated relies no longer applies after the 2008 Agreement, the Commission is entitled to take the position that Consolidated has attached only those portions of the contractual relationship beneficial to it. *Rosenblum*, 299 F.3d at 661–62; *188 LLC*, 300

F.3d at 735.  It would be "impossible" for the court to "evaluate the disagreement between the parties without having all the documentation."  *Rosenblum*, 299 F.3d at 662. Consolidated cannot survive the Commission's motion to dismiss through artful pleading and failure to attach the 2008 Agreement.

### B.   The 2008 Agreement Renders Paragraph 5 of the Settlement Agreement Inapplicable.

The lion's share of Consolidated's Complaint relies on a favorable interpretation of Paragraph 5 of the Settlement Agreement.  It argues that the following language from Paragraph 5 supports its claim that it has the right to independently access the New Storage Tracks or at least access the tracks through a third-party operator at no additional cost:

> If the Commission contracts with a provider for rail services in place of Consolidated's rail services, **Consolidated's use of and access to the New Storage Tracks shall continue without interruption** in accordance with this Agreement and the Track Use Agreement and Consolidated shall, if the Commission requests, sublease the New Storage Tracks to such provider for One Dollar ($1) per year, and **no costs or charges for use of the Port's railroad tracks will be assessed to Consolidated except to the extent that Consolidated contracts for the services of the provider**.  In the event **Consolidated does not enter into a Service Agreement with such other rail services provider**, Consolidated agrees to pay its pro-rata assessment for the repair, replacement and maintenance costs of the Sidetrack.

(Settlement Agreement at 3 (emphases added)).  The court acknowledges that this language supports Consolidated's position that it originally had these rights under the

Settlement Agreement and "in accordance with . . . the [2001] Track Use Agreement." (*Id.*).[4]

However, Indiana courts would construe the Settlement Agreement together with the 2008 Agreement, which embraces the same subject matter. *Care Grp. Heart Hosp.*, 93 N.E.3d at 753. Right after the 2008 Agreement provides that the Commission will contribute funds to construct the New Storage Tracks and Consolidated will no longer bear the full cost, the Agreement states:

> Title and ownership of the New Storage Tracks is, and shall remain vested in the [Commission], and **notwithstanding paragraph 5 of the Settlement [Agreement] there shall be no lease of the New Storage Tracks** between the [Commission] and [Consolidated]. Provided, however, **the New Storage Tracks shall be included within and subject to the Track Use Agreement** and Service Agreement set out in paragraph 7 of the Settlement, as thereafter amended by the Parties.

(2008 Agreement at 3 (emphases added)).

The words the parties agreed to must be given their ordinary meaning. *Hartman v. BigInch Fabricators & Constr. Holding Co., Inc.*, 161 N.E.3d 1218, 1220 (Ind. 2021). "[T]he ordinary meaning of notwithstanding is 'in spite of.'" *Soarus L.L.C. v. Bolson Materials Int'l Corp.*, 905 F.3d 1009, 1012 (7th Cir. 2018). The use of the word signals that anything to the contrary is wiped out. *See, e.g.*, *Shady Grove Orthopedic Assocs.,*

---

[4] The Commission argues that the Settlement Agreement never provided these rights, because the operative contracts always required Consolidated to abide by, comply with, and pay all charges under the Port Tariff. In denying Consolidated's motion for a preliminary injunction, the court agreed with the Commission that the Settlement Agreement likely did not contain the rights Consolidated claims. (Filing No. 81, Entry). However, that conclusion was based partially on testimony at the preliminary injunction hearing, which the court cannot rely on to grant a motion to dismiss. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

*P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("If [the federal rule answers the question in dispute], it governs—New York's law *notwithstanding*[.]") (emphasis added). So, in spite of what Paragraph 5 of the Settlement Agreement says, "there shall be no lease between" the Commission and Consolidated, and anything to the contrary no longer applies. (2008 Agreement at 3).

That is a problem for Consolidated, because Paragraph 5 of the Settlement Agreement is entirely concerned with the basic terms of "Consolidated's Lease of New Storage Tracks." (Settlement Agreement at 3). The paragraph begins by stating that the land needed for the tracks shall be leased by the Commission. (*Id.*). It then lays out certain rights and obligations Consolidated has under the lease. (*Id.*). The language on which Consolidated relies starts about halfway into the paragraph, and even that language presumes the lease has occurred. (*Id.* (stating in the middle of the relevant passage that Consolidated shall, upon request, sublease the New Storage Tracks)). All of these rights and obligations under the lease of the New Storage Tracks appear to be irrelevant after the 2008 Agreement makes clear that the lease is no longer a part of the parties' agreement.

The next line of the 2008 Agreement qualifies the "notwithstanding Paragraph 5" language: "Provided however, the New Storage Tracks shall be included within and subject to the Track Use Agreement and Service Agreement set out in paragraph 7 of the Settlement, as thereafter amended by the Parties." (2008 Agreement at 3). In other words, even though the New Storage Tracks will not be leased, the tracks are included within and subject to the 2006 Track Use Agreement. Consolidated may have retained

13

rights through the 2006 Track Use Agreement, but Consolidated has not alleged that agreement was breached,[5] and it is now expired.  Any rights Consolidated had pertaining to the New Storage Tracks expired with the 2006 Track Use Agreement.

This reading is the only way to harmonize all the provisions of the relevant agreements, and it also makes sense as a practical matter.  Under the original agreement, Consolidated was to build the tracks at its sole cost and expense.  In that event, it would be fair to grant Consolidated extensive and possibly permanent rights in the New Storage Tracks.  But by 2008, things had changed.  "The construction cost for the New Storage Tracks ha[d] increased significantly from the 2001 cost estimates," and "[t]he Parties wish[ed] to agree upon the terms whereby the [Commission would] contribute funds for the Work."  (2008 Agreement at 2).  Therefore, the Commission agreed to contribute $374,867.83, and in exchange Consolidated agreed to make its rights under the Settlement Agreement "subject to" the Track Use Agreement—which had a clear expiration date.  (*Id.* at 2–3).  Consolidated enjoyed those rights for many years, but they expired with the Track Use Agreement.  Consolidated's claim under the Settlement Agreement is accordingly dismissed.

---

[5] Even if Consolidated had alleged the Commission breached the 2006 Track Use Agreement, the announcement of the switch to a third-party rail-switching operator could not have been an anticipatory breach because Consolidated alleged the transition was to occur after the 2006 Track Use Agreement was due to expire.  (Second Am. Compl. ¶ 26).

**C.      The Lease Does Not Provide Consolidated a Right to Access the Tracks in Any Way It Chooses.**

Next, Consolidated claims the Commission breached the Lease when it selected a third-party rail-switching operator through which Consolidated must access the tracks. This is a non-starter.

The relevant section of the Lease provides Consolidated "the non-exclusive right of ingress and egress . . . over existing roads and railroad tracks within the Port, *as such access may be changed from time to time by the Commission*."  (Lease at 3 (emphasis added)).  The clause is unambiguous.  The Commission retains the right to change the nature of Consolidated's access to the tracks, so long as Consolidated maintains some adequate level of access.  It is undisputed that Consolidated has access to the tracks through a third-party operator.  (Second Am. Compl. ¶ 54).  Nothing in the lease indicates that Consolidated may access the tracks independently of a third-party rail operator.

Indeed, the Lease goes on to state that Consolidated "shall pay the Commission (either directly or through an authorized terminal operator) the tariff charges specified in the most recently published" Port Tariff.  (Lease at 7).  The Commission reserved an "unqualified and unconditional right to interpret, change, amend or revise the Port Tariff and to supplement, increase or decrease the rates and charges specified therein."  (*Id.*).  The Port Tariff applies to Consolidated's use of the railroad tracks and other facilities.  (*Id.* at 8).  And Consolidated's "use of such facilities is subject to any operators thereof."

(*Id.*).  Consolidated's contractual rights under the Lease were not violated by the Commission's decision to choose a third-party rail operator.

**D.    Consolidated's Other Claims Cannot Stand on Their Own.**

Without a valid contract claim, Consolidated's other claims fall in short order. Consolidated's declaratory judgment claim simply asks the court to declare the parties' rights and obligations pertaining to the tracks under the Lease and the Settlement Agreement.  The court has done so.  Consolidated's declaratory judgment claim is dismissed based on the court's interpretations set forth above.

Consolidated's promissory estoppel claim also fails.  Courts only permit recovery for promissory estoppel where no contract in fact exists.  *Ind. Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 367 (Ind. Ct. App. 2008).  The parties agree the Settlement Agreement and the Lease are valid contracts which govern this dispute.  Therefore, Consolidated's promissory estoppel claim is "unwarranted surplusage."  *Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 848 (S.D. Ind. 2005) (citing *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 932 (Ind. Ct. App. 2003)).

## IV.     Conclusion

For the reasons stated above, the court **GRANTS** the Commission's motion to dismiss (Filing No. 99).  Because Consolidated has had two chances to amend and failed to state a valid claim, and because this dismissal is based on the face of the applicable contracts, Consolidated's Second Amended Complaint (Filing No. 98) is **DISMISSED with prejudice**.  All other pending motions (Filing Nos. 24, 42, 50, 55, 72, and 105) are **DENIED as MOOT**.  Final judgment shall issue by separate order.

**IT IS SO ORDERED** this 31st day of August 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CONSOLIDATED GRAIN AND BARGE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-cv-00129-RLY-MPB |
| PORTS OF INDIANA a/k/a INDIANA PORT COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

**FINAL JUDGMENT**

In today's Entry, the court granted Defendant's motion to dismiss Plaintiff's

Second Amended Complaint with prejudice.  As all issues have been finally resolved, the

court now enters final judgment against Plaintiff and in favor of Defendant.

**IT IS SO ORDERED** this 31st day of August 2022.

Roger A.G. Sharpe, Clerk

BY: _Dina M. Dale_

Deputy Clerk, U.S. District Court

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

1

# *** PUBLIC DOCKET ***

APPEAL,STAYED,CLOSED

## U.S. District Court
## Southern District of Indiana (Evansville)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00129-RLY-MPB

CONSOLIDATED GRAIN AND BARGE CO. v. PORTS OF
INDIANA
Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Matthew P. Brookman
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 08/25/2021
Date Terminated: 08/31/2022
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**CONSOLIDATED GRAIN AND
BARGE CO.**

represented by **Angela L. Freel**
JACKSON KELLY PLLC
221 NW Fifth Street
P.O. Box 1507
Evansville, IN 47706
(812) 421-7459
Fax: (812) 421-7459
Email: alfreel@jacksonkelly.com
*ATTORNEY TO BE NOTICED*

**James D. Johnson**
JACKSON KELLY PLLC
221 NW Fifth Street
P.O. Box 1507
Evansville, IN 47706
(812)422-9444
Fax: (812) 421-7459
Email: jdjohnson@jacksonkelly.com
*ATTORNEY TO BE NOTICED*

**Kal K. Shah**
BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP
71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
312-212-4949
Fax: 312-767-9192
Email: kshah@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew J. Langley**
Benesch Friedlander Coplan & Aronoff
LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
312-624-6408
Email: mlangley@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PORTS OF INDIANA**                    represented by **Andrielle Marie Metzel**
*also known as*                                         TAFT STETTINIUS & HOLLISTER LLP
INDIANA PORT COMMISSION                                 (Indianapolis)
                                                       One Indiana Square
                                                       Suite 3500
                                                       Indianapolis, IN 46204
                                                       (317) 713-3500
                                                       Fax: (317) 713-3699
                                                       Email: ametzel@taftlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ann O. McCready**
                                                       TAFT STETTINIUS & HOLLISTER LLP
                                                       (Indianapolis)
                                                       One Indiana Square
                                                       Suite 3500
                                                       Indianapolis, IN 46204
                                                       (317) 713-3500
                                                       Fax: (317) 713-3699
                                                       Email: amccready@taftlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Peter S. French**
                                                       TAFT STETTINIUS & HOLLISTER LLP
                                                       (Indianapolis)
                                                       One Indiana Square
                                                       Suite 3500
                                                       Indianapolis, IN 46204
                                                       (317) 713-3500
                                                       Fax: (317) 713-3699
                                                       Email: pfrench@taftlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Scott R. Alexander**
                                                       TAFT STETTINIUS & HOLLISTER LLP
                                                       (Indianapolis)

One Indiana Square
Suite 3500
Indianapolis, IN 46204
(317)713-3500
Fax: (317)713-3699
Email: salexander@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Vivek Randle Hadley**
TAFT STETTINIUS & HOLLISTER LLP
(Indianapolis)
One Indiana Square
Suite 3500
Indianapolis, IN 46204
317-713-3500
Fax: 317-713-3699
Email: vhadley@taftlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2021 | 1 | COMPLAINT against PORTS OF INDIANA, filed by CONSOLIDATED GRAIN AND BARGE CO.. (Filing fee $402, receipt number 0756-6718309) (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement, # 5 Civil Cover Sheet, # 6 Proposed Summons)(Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 2 | NOTICE of Appearance by James D. Johnson on behalf of Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 3 | SEALED *Version of Complaint and Exhibit A*, re 1 Complaint, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 4 | MOTION to Maintain Document Under Seal 3 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 5 | NOTICE of Appearance by Angela L. Freel on behalf of Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Freel, Angela) (Entered: 08/25/2021) |
| 08/25/2021 | 6 | Corporate Disclosure Statement by CONSOLIDATED GRAIN AND BARGE CO. identifying Corporate Parent ITOCHU Corporation, Other Affiliate ITOCHU International Inc., Other Affiliate Zen-Noh Unico America Corporation, Other Affiliate Zen Noh Grain Corporation for CONSOLIDATED GRAIN AND BARGE CO... (Johnson, James) (Entered: 08/25/2021) |

| 08/25/2021 | 7 | MOTION for Temporary Restraining Order *and*, MOTION for Preliminary Injunction , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 8 | BRIEF/MEMORANDUM in Support re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO. (Attachments: # 1 Exhibit 1 - Letter)(Johnson, James) (Entered: 08/25/2021) |
| 08/25/2021 | 9 | SEALED , re 8 Brief/Memorandum in Support, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - Letter)(Johnson, James) (Entered: 08/25/2021) |
| 08/26/2021 | 10 | MOTION for Attorney(s) Kal K. Shah to Appear pro hac vice (Filing fee $100, receipt number 0756-6718828), filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit Exhibit A)(Freel, Angela) (Entered: 08/26/2021) |
| 08/26/2021 | 11 | Submission of Proposed Order , re 10 MOTION for Attorney(s) Kal K. Shah to Appear pro hac vice (Filing fee $100, receipt number 0756-6718828), filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Freel, Angela) (Entered: 08/26/2021) |
| 08/26/2021 | 12 | NOTICE of Appearance by Peter S. French on behalf of Defendant PORTS OF INDIANA. (French, Peter) (Entered: 08/26/2021) |
| 08/26/2021 | 13 | NOTICE of Appearance by Scott R. Alexander on behalf of Defendant PORTS OF INDIANA. (Alexander, Scott) (Entered: 08/26/2021) |
| 08/26/2021 | 14 | Summons Issued as to PORTS OF INDIANA. (AAS) (Entered: 08/26/2021) |
| 08/26/2021 | 15 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (AAS) (Entered: 08/26/2021) |
| 08/26/2021 | 16 | SCHEDULING ORDER: The court SETS this matter for a telephonic conference on AUGUST 30, 2021 at 10:00 a.m. before the Honorable Richard L. Young, Judge. The information needed to participate in this telephonic conference will be provided by a separate notification. Signed by Judge Richard L. Young on 8/26/2021.(JRB) (Entered: 08/26/2021) |
| 08/26/2021 | 18 | NOTICE of Appearance by Ann O. McCready on behalf of Defendant PORTS OF INDIANA. (McCready, Ann) (Entered: 08/26/2021) |
| 08/26/2021 | 19 | NOTICE of Appearance by Andrielle Marie Metzel on behalf of Defendant PORTS OF INDIANA. (Metzel, Andrielle) (Entered: 08/26/2021) |
| 08/26/2021 | 20 | NOTICE of Appearance by Vivek Randle Hadley on behalf of Defendant PORTS OF INDIANA. (Hadley, Vivek) (Entered: 08/26/2021) |
| 08/27/2021 | 21 | ORDER granting 10 Motion to Appear pro hac vice. Attorney Kal K. Shah for CONSOLIDATED GRAIN AND BARGE CO. added. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 8/27/2021. (JRB) (Entered: 08/27/2021) |
| 08/30/2021 | 22 | RESPONSE in Opposition re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Affidavit of Andrea Hermer)(French, Peter) (Entered: |

| | | 08/30/2021) |
|---|---|---|
| 08/30/2021 | 23 | SEALED RESPONSE re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Affidavit of Andrea Hermer)(French, Peter) (Entered: 08/30/2021) |
| 08/30/2021 | 24 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 08/30/2021) |
| 08/30/2021 | 25 | BRIEF/MEMORANDUM in Support re 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Exhibit A - Letter)(French, Peter) (Entered: 08/30/2021) |
| 08/30/2021 | 26 | SEALED *Brief in Support of Motion to Dismiss*, re 24 Motion to Dismiss for Failure to State a Claim, filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Exhibit A - Letter)(French, Peter) (Entered: 08/30/2021) |
| 08/30/2021 | 27 | MOTION to Maintain Document Under Seal 26 SEALED Document (Case Participants - doc), 23 SEALED Response to Motion , filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Text of Proposed Order)(French, Peter) (Entered: 08/30/2021) |
| 08/30/2021 | 29 | Minute Entry for a telephonic conference held 8/30/2021 before Judge Richard L. Young. Parties appear telephonically, plaintiff by James Johnson, Kal Shah and Angela Freel; defendant by Peter French, Ann McCready, Scott Alexander and Vivek Hadley, for a conference on the Motion for Temporary Restraining Order filed by Plaintiff. Parties advise the court of the issues at hand. This conference is continued to Wednesday, SEPTEMBER 1, 2021 at 10:00 a.m. (Central time). Dialing information shall remain the same for this hearing. (TMD) Modified on 8/31/2021 (TMD). Modified on 9/1/2021 (TMD). (Entered: 08/31/2021) |
| 08/31/2021 | 28 | NOTICE of Filing *of Agreed Proposed Order* by CONSOLIDATED GRAIN AND BARGE CO. (Johnson, James) (Entered: 08/31/2021) |
| 08/31/2021 | 30 | ORDER - IT IS THEREFORE ORDERED that the parties shall maintain the status quo as it relates to Consolidated's rail operations at Southwind until such time as the Court issues further orders on or about September 1, 2021. This Order is without prejudice to the positions set forth by either side. Signed by Judge Richard L. Young on 8/31/2021.(AAS) (Entered: 08/31/2021) |
| 08/31/2021 | 31 | Corporate Disclosure Statement by PORTS OF INDIANA. (French, Peter) (Entered: 08/31/2021) |
| 08/31/2021 | 32 | Submission - *Letter to Honorable Richard L. Young*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 08/31/2021) |
| 09/01/2021 | 33 | Submission *Letter to The Honorable Richard L. Young*, filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 09/01/2021) |
| 09/01/2021 | 34 | Minute Entry for telephonic conference held 9/01/2021 before Judge Richard L. Young. Parties appear telephonically, plaintiff by James Johnson, Kal Shah and Angela Freel; defendant by Peter French and Scott Alexander for a follow-up conference regarding the Motion for Temporary Restraining Order filed by Plaintiff. Discussions were held. Any further orders shall issue by separate entry. (TMD) |

| | | (Entered: 09/01/2021) |
|---|---|---|
| 09/03/2021 | 35 | MOTION for Extension of Time to File Reply to September 10, 2021 re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order Order on Motion for Extension)(Freel, Angela) (Entered: 09/03/2021) |
| 09/08/2021 | 36 | MOTION for Attorney(s) Matthew J. Langley to Appear pro hac vice (Filing fee $100, receipt number 0756-6737431), filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order) (Johnson, James) (Entered: 09/08/2021) |
| 09/08/2021 | 37 | ORDER granting 35 Motion for Extension of Time to File Reply to 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction to 9/10/2021. Signed by Magistrate Judge Matthew P. Brookman on 9/8/2021. (JRB) (Entered: 09/09/2021) |
| 09/10/2021 | 38 | ORDER granting 36 Motion to Appear pro hac vice. Attorney Matthew J. Langley for CONSOLIDATED GRAIN AND BARGE CO. added. The Court FURTHER ORDERS that Matthew J. Langley register as a user of the court's electronic case filing system by September 24, 2021. Failure to register could result in the revocation of his admission pro hac vice. Copy to Counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/10/2021. (AAS) (Entered: 09/10/2021) |
| 09/10/2021 | 39 | REPLY in Support of Motion re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - Letter from Defendant, # 2 Exhibit 2 - Freight Tariff SPR 8000)(Johnson, James) (Entered: 09/10/2021) |
| 09/10/2021 | 40 | SEALED REPLY in support of Motion re 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - Letter from Defendant, # 2 Exhibit 2 - Freight Tariff SPR 8000)(Johnson, James) (Entered: 09/10/2021) |
| 09/10/2021 | 41 | MOTION to Maintain Document Under Seal 40 SEALED Reply in support of Motion , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 09/10/2021) |
| 09/14/2021 | 42 | MOTION *Indiana Port Commission's Motion for Rule to Show Cause Regarding Federal Preemption*, filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Exhibit A - Email and Attachment)(French, Peter) (Entered: 09/14/2021) |
| 09/20/2021 | 43 | RESPONSE in Opposition re 42 MOTION *Indiana Port Commission's Motion for Rule to Show Cause Regarding Federal Preemption* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 09/20/2021) |
| 09/20/2021 | 44 | SEALED *Amended Verified Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 09/20/2021) |

| | | |
|---|---|---|
| 09/20/2021 | 45 | AMENDED COMPLAINT against PORTS OF INDIANA, filed by CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 09/20/2021) |
| 09/20/2021 | 46 | MOTION to Maintain Document Under Seal 44 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 09/20/2021) |
| 09/21/2021 | 57 | Minute Entry for Motion Hearing re Plaintiff's 7 MOTION for Temporary Restraining Order *and* MOTION for Preliminary Injunction held 9/21/2021 before Judge Richard L. Young. The court hears argument from the counsel and testimony from witnesses. A telephonic Status Conference is set for 10/21/2021 at 10:30 AM (Central Time) before Judge Richard L. Young. (Court Reporter Maggie Techert.) (TMD) (Entered: 10/05/2021) |
| 09/27/2021 | 47 | REPLY in Support of Motion re 42 MOTION *Indiana Port Commission's Motion for Rule to Show Cause Regarding Federal Preemption* , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 09/27/2021) |
| 09/29/2021 | 48 | TRANSCRIPT of Preliminary Injunction Hearing held on September 21, 2021 before Judge Richard L. Young. (214 pages.) Court Reporter/Transcriber: Maggie Techert (Telephone: (812) 205-0682). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 10/20/2021. Release of Transcript Restriction set for 12/28/2021. (Techert, Maggie) Released on 1/7/2022 (SWM). (Entered: 09/29/2021) |
| 09/29/2021 | 49 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Preliminary Injunction Hearing held before Judge Richard L. Young on September 21, 2021 (Techert, Maggie) (Entered: 09/29/2021) |
| 10/04/2021 | 50 | MOTION for Leave to File *Surreply in Opposition to Defendant's Motion for Rule to Show Cause*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - Proposed Surreply, # 2 Text of Proposed Order) (Johnson, James) (Entered: 10/04/2021) |
| 10/04/2021 | 51 | SEALED *Exhibit 1 - Proposed Surreply*, re 50 Motion for Leave to File, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 10/04/2021) |
| 10/04/2021 | 52 | MOTION to Maintain Document Under Seal 51 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 10/04/2021) |
| 10/04/2021 | 53 | SCHEDULING ORDER: An Attorney Telephone Conference is set for 10/5/2021 at 2:00 PM (Central Time) before Judge Richard L. Young. The information needed to participate in this telephonic conference will be provided by a separate notification. Signed by Judge Richard L. Young on 10/4/2021.(TMD) (Entered: 10/04/2021) |
| 10/04/2021 | 55 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 10/04/2021) |

| 10/04/2021 | 56 | BRIEF/MEMORANDUM in Support re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 10/04/2021) |
|---|---|---|
| 10/05/2021 | 58 | Minute Entry for telephonic conference held 10/05/2021 before Judge Richard L. Young. Upon request from the Defendant, parties appeared by telephone before the court. Plaintiff appeared by Kal Shah, Matthew Langley and James Johnson; Defendant appeared by Ann McCready, Vivek Hadley and Andrielle Metzel. Parties provided a status update to the court. The telephonic status conference set for 10/21/2021 at 10:30 a.m. is confirmed. (TMD) (Entered: 10/05/2021) |
| 10/06/2021 | 60 | ORDER granting 4 Motion to Maintain Document Under Seal - IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the following documents shall be maintained under seal: Sealed Version of Complaint and Exhibit A Docket No. 3 . A redacted public version of the document shall be available at Docket No. 1 . Signed by Magistrate Judge Matthew P. Brookman on 10/6/2021. (AAS) (Entered: 10/06/2021) |
| 10/06/2021 | 61 | ORDER granting 27 Motion to Maintain Document Under Seal - The following documents shall be maintained under seal: the Commission's Response in Opposition to Consolidated Grain and Barge Co.'s Request for Injunctive Relieve Docket No. 23 ; Exhibit C to the Affidavit of Andrea Hermer (Docket No. 23-1); and the Commission's Brief in Support of Its Motion to Dismiss Docket No. 26 . Redacted public versions of these documents are available at Docket No. 22 and Docket No. 25 . Signed by Magistrate Judge Matthew P. Brookman on 10/6/2021. (AAS) (Entered: 10/06/2021) |
| 10/07/2021 | 62 | ORDER granting 41 Motion to Maintain Document 40 Under Seal. Signed by Magistrate Judge Matthew P. Brookman on 10/7/2021. (JRB) (Entered: 10/07/2021) |
| 10/07/2021 | 63 | ORDER granting 52 Motion to Maintain Document Under Seal 44 IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the following documents shall be maintained under seal: Amended Verified Complaint Docket No. 44 and 2001 Settlement Agreement attached as Exhibit A to Plaintiff's Amended Verified Complaint (Docket No. 44-1). Redacted public versions of these documents are available at Docket No. 45 . Signed by Magistrate Judge Matthew P. Brookman on 10/7/2021. (AAS) (Entered: 10/07/2021) |
| 10/21/2021 | 64 | STATUS REPORT by PORTS OF INDIANA. (Attachments: # 1 Exhibit A - 9/23/21 Email, # 2 Exhibit B - 10/6/21 Email, # 3 Exhibit C - 10/15/21 Email, # 4 Exhibit D - 10/14/21 Email)(French, Peter) (Entered: 10/21/2021) |
| 10/21/2021 | 65 | RESPONSE , re 64 Status Report, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - October 5, 2021 Proposal, # 2 Exhibit 2 - October 19, 2021 Response to Counter-Proposal)(Johnson, James) (Entered: 10/21/2021) |
| 10/21/2021 | 66 | Minute Entry for telephonic status hearing held 10/21/2021 before Judge Richard L. Young. The parties appeared by telephone before the court for a telephonic status conference. Plaintiff appeared by Kal Shah, Matthew Langley and James Johnson; Defendant appeared by Peter French, Ann McCready, Vivek Hadley and Andrielle Metzel. Parties provided a status update to the court. The court orally DENIES the request for Preliminary Injunctive relief. Finding s of Fact and Conclusions of Law are due by close of business on NOVEMBER 8, 2021.(TMD) (Entered: |

| | | 10/21/2021) |
|---|---|---|
| 10/25/2021 | 67 | RESPONSE in Opposition re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO. (Johnson, James) Modified on 10/26/2021 (AAS). (Entered: 10/25/2021) |
| 10/25/2021 | 68 | SEALED RESPONSE re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO. (Johnson, James) Modified on 10/26/2021 (AAS). (Entered: 10/25/2021) |
| 10/25/2021 | 69 | MOTION to Maintain Document Under Seal 68 SEALED Response to 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO. (Attachments: # 1 Text of Proposed Order)(Johnson, James) Modified on 10/26/2021 (AAS). (Entered: 10/25/2021) |
| 11/01/2021 | 70 | REPLY in Support of Motion re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 11/01/2021) |
| 11/05/2021 | 71 | ORDER granting 46 Motion to Maintain Document 44 Under Seal. Signed by Magistrate Judge Matthew P. Brookman on 11/5/2021. (JRB) (Entered: 11/05/2021) |
| 11/08/2021 | 72 | MOTION for Leave to File *Surreply in Opposition to Defendant's Motion to Dismiss Amended Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - Proposed Surreply, # 2 Text of Proposed Order)(Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 73 | SEALED *Exhibit 1 - Proposed Surreply*, re 72 Motion for Leave to File,, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 74 | MOTION to Maintain Document Under Seal 73 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 75 | Findings of Fact & Conclusions of Law (proposed) *on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* by CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 76 | SEALED *Version*, re 75 Findings of Fact & Conclusions of Law (proposed), filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 77 | MOTION to Maintain Document Under Seal 76 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 11/08/2021) |
| 11/08/2021 | 78 | Findings of Fact & Conclusions of Law (proposed) *on Consolidated Grain and Barge Co.'s Request for Injunctive Relief* by PORTS OF INDIANA. (French, Peter) (Entered: 11/08/2021) |
| 11/08/2021 | 79 | ORDER granting 69 Motion to Maintain Document Under Seal 68 SEALED Response to Motion. Signed by Magistrate Judge Matthew P. Brookman on 11/8/2021. (JRB) Modified on 11/10/2021 (AAS). (Entered: 11/09/2021) |

| | | |
|---|---|---|
| 11/15/2021 | 80 | RESPONSE in Opposition re 72 MOTION for Leave to File *Surreply in Opposition to Defendant's Motion to Dismiss Amended Complaint* , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 11/15/2021) |
| 11/29/2021 | 81 | ENTRY DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION 7 - Because Consolidated has not shown it is likely to succeed on the merits of thisdispute or likely to suffer irreparable harm in the absence of preliminary relief, the court DENIES Consolidated's motion for temporary restraining order and motion for preliminary injunction Filing No. 7 . SEE ORDER. Signed by Judge Richard L. Young on 11/29/2021. (AAS) (Entered: 11/29/2021) |
| 11/30/2021 | 82 | ORDER SETTING TELEPHONIC INITIAL PRE-TRIAL CONFERENCE - Initial Telephonic Pretrial Conference set for 12/13/2021 at 09:00 AM (Central Time) before Magistrate Judge Matthew P. Brookman. The information needed for counsel to participate in this telephonic conference will be provided by a separate notification. No fewer than seven (7) days before the IPTC, counsel must file a proposed CMP. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 11/30/2021.(JRB) (Entered: 11/30/2021) |
| 12/01/2021 | 83 | ORDER granting 74 Motion to Maintain Document Under Seal 74 MOTION to Maintain Document Under Seal 73 SEALED Document (Case Participants - doc) . Signed by Magistrate Judge Matthew P. Brookman on 12/1/2021. (JRB) (Entered: 12/01/2021) |
| 12/01/2021 | 84 | ORDER granting 77 Motion to Maintain Document 76 Under Seal. Signed by Magistrate Judge Matthew P. Brookman on 12/1/2021. (JRB) (Entered: 12/01/2021) |
| 12/06/2021 | 85 | *Proposed* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO. *and Defendant Ports of Indiana aka Indiana Port Commission*. (Johnson, James) (Entered: 12/06/2021) |
| 12/14/2021 | 87 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Initial Pretrial Conference held on 12/13/2021. This matter is STAYED pending a ruling on Defendant's Motion to Dismiss (Docket No. 55 ). No Case Management Order will be entered at this time. If any part of this matter remains after the entry on this motion, the parties are to file a request for a telephonic status conference within five (5) business days of that entry. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 12/14/2021) |
| 05/26/2022 | 88 | MOTION *to Lift Stay for Sole Purpose of Filing Motion for Leave to File Second Amended Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 05/26/2022) |
| 05/26/2022 | 89 | MOTION for Leave to File *Second Amended Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit 1 - proposed Verified Second Amended Complaint, # 2 Exhibit A - Complaint Exhibit A, # 3 Exhibit B - Complaint Exhibit B, # 4 Exhibit C - Complaint Exhibit C, # 5 Exhibit D - Complaint Exhibit D, # 6 Text of Proposed Order)(Johnson, James) (Entered: 05/26/2022) |
| 05/26/2022 | 90 | BRIEF/MEMORANDUM in Support re 89 MOTION for Leave to File *Second Amended Complaint* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 05/26/2022) |

| 05/26/2022 | 91 | SEALED *proposed Second Amended Complaint and Exhibit A (2001 Settlement Agreement)*, re 89 Motion for Leave to File, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 05/26/2022) |
| --- | --- | --- |
| 05/26/2022 | 92 | MOTION to Maintain Document Under Seal 91 SEALED Document (Case Participants - doc) , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 05/26/2022) |
| 06/01/2022 | 93 | RESPONSE in Opposition re 88 MOTION *to Lift Stay for Sole Purpose of Filing Motion for Leave to File Second Amended Complaint*, 89 MOTION for Leave to File *Second Amended Complaint* , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 06/01/2022) |
| 06/08/2022 | 94 | REPLY in Support of Motion re 89 MOTION for Leave to File *Second Amended Complaint*, 88 MOTION *to Lift Stay for Sole Purpose of Filing Motion for Leave to File Second Amended Complaint* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 06/08/2022) |
| 06/16/2022 | 95 | ORDER granting 92 MOTION to Maintain Document Under Seal - IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the following document shall be maintained under seal Docket No. [91] Plaintiff's proposed Verified Second Amended Complaint and the 2001 Settlement Agreement attached as Exhibit A to Plaintiff's Verified Second Amended Complaint. A redacted public version of these documents can be found at Docket No. 89 . Signed by Magistrate Judge Matthew P. Brookman on 6/16/2022. (AAS) (Entered: 06/16/2022) |
| 06/21/2022 | 96 | ENTRY LIFTING STAY FOR THE LIMITED PURPOSE OF GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT - Plaintiff's Motion to Lift Stay for Sole Purpose of Filing Motion for Leave to File Second Amended Complaint Filing No. 88 is GRANTED, but discovery shall remain STAYED until any 12(b)(6) motions are resolved. In addition, Plaintiff's Motion for Leave to File Second Amended Complaint Filing No. 89 is GRANTED. Signed by Judge Richard L. Young on 6/21/2022. (AAS) (Entered: 06/21/2022) |
| 06/21/2022 | 97 | AMENDED COMPLAINT against PORTS OF INDIANA, filed by CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 06/21/2022) |
| 06/21/2022 | 98 | SEALED *Second Amended Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Exhibit A - 2001 Settlement Agreement, # 2 Exhibit B - 2001 Track Use Agreement, # 3 Exhibit C - Lease Agreement, # 4 Exhibit D - 2006 Track Use Agreement)(Johnson, James) (Entered: 06/21/2022) |
| 06/30/2022 | 99 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint*, filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 06/30/2022) |

| 06/30/2022 | 100 | BRIEF/MEMORANDUM in Support re 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* , filed by Defendant PORTS OF INDIANA. (Attachments: # 1 Exhibit A 2008 Agreement, # 2 Exhibit B Steve O'Nan Letter)(French, Peter) (Entered: 06/30/2022) |
|---|---|---|
| 07/08/2022 | 101 | MOTION for Extension of Time to File Response to 07/28/2022 re 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 07/08/2022) |
| 07/11/2022 | 102 | ORDER granting 101 MOTION for Extension of Time to File Response to 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* to 7/28/2022. Signed by Magistrate Judge Matthew P. Brookman on 7/11/2022. (JRB) (Entered: 07/11/2022) |
| 07/28/2022 | 103 | RESPONSE in Opposition re 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 07/28/2022) |
| 07/28/2022 | 104 | SEALED RESPONSE re 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* , filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 07/28/2022) |
| 07/28/2022 | 105 | MOTION to Maintain Document Under Seal 104 SEALED Response to Motion *to Dismiss Second Amended Complaint*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Attachments: # 1 Text of Proposed Order)(Johnson, James) (Entered: 07/28/2022) |
| 07/28/2022 | 106 | Submission *of Corrected Certificate of Service for Doc. 105 Motion to Maintain Under Seal*, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Johnson, James) (Entered: 07/28/2022) |
| 08/04/2022 | 107 | REPLY in Support of Motion re 99 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *CGB's Second Amended Complaint* , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 08/04/2022) |
| 08/31/2022 | 108 | ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS - The court GRANTS the Commission's motion to dismiss (Filing No. 99). Because Consolidated has had two chances to amend and failed to state a valid claim, and because this dismissal is based on the face of the applicable contracts, Consolidated's Second Amended Complaint (Filing No. 98) is DISMISSED with prejudice. All other pending motions (Filing Nos. 24, 42, 50, 55, 72, and 105) are DENIED as MOOT. Final judgment shall issue by separate order. SEE ORDER. Signed by Judge Richard L. Young on 8/31/2022. (JRB) (Entered: 08/31/2022) |
| 08/31/2022 | 109 | FINAL JUDGMENT - In today's Entry, the court granted Defendant's motion to dismiss Plaintiff's Second Amended Complaint with prejudice. As all issues have been finally resolved, the court now enters final judgment against Plaintiff and in favor of Defendant. Signed by Judge Richard L. Young on 8/31/2022.(JRB) (Entered: 08/31/2022) |
| 09/14/2022 | 110 | MOTION for Attorney Fees , filed by Defendant PORTS OF INDIANA. (French, Peter) (Entered: 09/14/2022) |

| 09/14/2022 | 111 | EXHIBIT re 110 MOTION for Attorney Fees *Exhibit A, 2006 Lease* by PORTS OF INDIANA. (Hadley, Vivek) (Entered: 09/14/2022) |
| 09/22/2022 | 112 | NOTICE OF APPEAL as to 108 Order on MotionOrder on Motion for Leave to FileOrder on Motion to Dismiss for Failure to State a ClaimOrder on Motion to Seal/Maintain Under Seal Document, 109 Closed Judgment, filed by Plaintiff CONSOLIDATED GRAIN AND BARGE CO.. (Filing fee $505, receipt number AINSDC-7291985) (Shah, Kal) (Entered: 09/22/2022) |
| 09/22/2022 | 113 | DOCKETING STATEMENT by CONSOLIDATED GRAIN AND BARGE CO. re 112 Notice of Appeal (Shah, Kal) (Entered: 09/22/2022) |
| 09/26/2022 | 114 | PARTIES' SHORT RECORD re 112 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (LBT) (Entered: 09/26/2022) |

**Case #: 3:21-cv-00129-RLY-MPB**